The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| HAROLD G. SWAIN AND | ) | CASE NO. 09-62957 |
| JULIA A. SWAIN, | ) | |
| | ) | ADV. NO. 09-6130 |
| Debtors. | ) | |
| | ) | JUDGE RUSS KENDIG |
| FARM CREDIT SERVICES OF | ) | |
| MID AMERICA PCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| HAROLD G. SWAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 20, 2010, third-party Defendants Maibach Tractor, LLC and Reberland Equipment, Inc. (hereafter "third-party Defendants") filed a motion to dismiss the third-party complaint against them. By court order, responses to the motion were due by June 30, 2010; none were filed.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and

division is proper pursuant to 28 U.S.C. § 1409. This adversary is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of facts and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

Debtors, Harold G. Swain and Julia A. Swain, filed a chapter 13 petition on July 21, 2009. On November 12, 2009, Plaintiff Farm Credit Services of Mid America PCA (hereafter "Farm Credit") filed a complaint under 11 U.S.C. § 523(a)(2)(A) objecting to the discharge of debts owed Plaintiff by Debtors. The debts arose from Plaintiff's financing the sale of various equipment purchases made by Debtors. Third-party Defendants were the equipment dealers in the transactions.[1]

Farm Credit alleges that Plaintiffs fraudulently obtained the financing for the equipment purchases by misrepresenting various items in the transactions including, but not limited to, the purchase price of the equipment and down payment amounts. Debtors' amended answer denies the allegations and sets forth a counter-claim against Farm Credit. Debtors also filed a third-party complaint against third-party Defendants. The third-party complaint contains two counts, fraud and civil conspiracy. In their complaint, Debtors allege that the transactions complained of by Plaintiffs were structured by the third-party Defendants, who completed the requisite paperwork for the sales using information "to make it work." Third-party Defendants deny the substantive allegations of the third-party complaint.

## ARGUMENT

Third-party Defendants seek dismissal of the third-party complaint under Federal Rule of Bankruptcy Procedure 7012, which partially incorporates Federal Rule of Civil Procedure 12 into bankruptcy practice. They argue that Debtors have not stated a cognizable claim on a third-party complaint because the counts are not based on any theory of joint or derivative liability. According to third-party Defendants, third-party practice does not cover independent claims, but is limited to claims in which the third-party shares in liability.

Third-party Defendants' argument is well-taken. Although Debtors' claims may be based on the same underlying facts as the Plaintiff's complaint against Debtors, this is not the test for proper impleader. *See* 3 James Wm. Moore, Moore's Federal Practice, § 14.04[3][a] at 14-19 (3rd ed. 2001) (stating "the test for joinder of a third party under the impleader rule is not transactional"). Thus, the fact that the claims arise from the same transactions is not determinative. As third-party Defendants accurately cite, the Sixth Circuit has advised that "third-party pleading is appropriate only where the third-party defendant's liability to the third-

---

[1] A third equipment dealer, Steinway Equipment, is mentioned in the allegations of Plaintiff's complaint but is not named as a party in the action.

party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded." American Zurich Ins. Co. v. Cooper Tire and Rubber Co., 512 F.3d 800, 805 (6th Cir. 2008); *see also* Trane U.S. Inc. v. Meehan, 250 F.R.D. 319, 322 (N.D. Ohio 2008) (citing Charles A. Wright, Arthur R. Miller, Mary Kay Kane, 6 Fed. Prac. & Proc. Civ. 2d § 1446 (2008)). Instead, "[t]he third-party defendant's 'liability must be derivative and must flow to the third-party plaintiff; mere liability by the third-party defendant to the plaintiff (as opposed to the third-party plaintiff) will not suffice.'" Ukasick v. Street (In re Street), 283 B.R. 775, 780 (Bankr. D. Ariz. 2002) (citing Hawkins v. Eads (In re Eads), 135 B.R. 387, 395 (Bankr. E.D. Cal. 1991)). Commonly, third-party practice involves claims in the nature of contribution, indemnity, and subrogation.

On the present facts, Debtors are not asserting the third-party Defendants are derivatively liable to Plaintiff in the loan transactions. Debtors' allege that the actions of the third-party Defendants make the third-party Defendants directly liable to Debtors. Thus, the outcome of the underlying complaint does not drive the outcome of the third-party complaint and the claims against third-party Defendants can stand independently as unrelated to the original adversary complaint. If Plaintiff is successful on its section 523(a)(2) nondischargeability complaint,[2] third-party Defendants are not secondarily liable to Debtors. Debtors' third-party complaint alleges the third-party Defendants are directly liable for fraud and civil conspiracy against Debtors and those claims are based on representations made to Debtors by employees or agents of the third-party Defendants. Those same statements do not give rise to the liability alleged by Plaintiff. These separations in the flow of liability from the original complaint make impleader improper under Federal Rule of Bankruptcy Procedure 7014, which adopts Federal Rule of Civil Procedure 14. The third-party complaint shall be dismissed.

An appropriate order shall be issued immediately.

#    #    #

---

[2] There is question whether a third-party complaint is maintainable in a nondischargeability proceeding because of its declaratory nature. *See* Gulf Ins. Group v. Narumanchi (In re Narumanchi), 221 B.R. 311 (Bankr. D. Conn. 1998); Boucher v. McCarter (In re McCarter), 289 B.R. 759 (Bankr. D. N.M. 2002).

## Service List:

Kenneth M Richards
50 W Broad St
Leveque Tower
#1200
Columbus, OH 43215

William B. Logan, Jr.
Luper Neidenthal & Logan
50 West Broad Street
Suite #1200
Columbus, OH 43215-3300

Erin R Kick
KICK & GILMAN
133 South Market St.
Loudonville, OH 44842

Thomas R. Gilman
Kick and Gilman LLC
133 South Market St
Loudonville, OH 44842

Mark Riemer
11 S. Forge Street
Akron, OH 44304